UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DRACO OVERSEAS TRADING LLC | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:15-cv-3679 |
| SIMPATRANS OIL & GAS LTD, SIMPATRANS OIL AND GAS, SC SIMPATRANS, LTD, AND JR TRADING | | |
| Defendants | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff DRACO OVERSEAS TRADING, LLC, files this Original Complaint against SIMPATRANS OIL AND GAS, LTD, SIMPATRANS OIL AND GAS, SC SIMPATRANS LTD and JR TRADING, Defendants.

### I. PARTIES

1. Plaintiff, DRACO OVERSEAS TRADING, LLC, is an entity organized under the laws of the State of Florida.

2. Defendant, SIMPATRANS OIL & GAS, LTD ("Simpatrans UK") is a foreign corporation registered in England, United Kingdom and doing business in the State of Texas and may be served by serving:

> Mr. Stefan –Paul Iliescu
> President/Director
> (or any other duly authorized Officer or Director or Agent)
> SIMPATRANS OIL & GAS, LTD

1

B1 Business Centre, Suite 206, Davyfield Road,
Blackburn Lancashire BB1 2QY, England.
(or any other location where he may be found)

Pursuant to Federal Rule of Civil Procedure 4(f), service shall be made under the **Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters**, more commonly called the **Hague Service Convention**.

3. Defendant SIMPATRANS OIL & GAS ("Simpatrans Netherlands") is an entity organized in Aalten, The Netherlands and doing business in the State of Texas and may be served by serving:

Mr. Stefan –Paul Iliescu
President/Director
(or any other duly authorized Officer or Director or Agent)
SIMPATRANS OIL & GAS
Nijverheidsweg 7c, 7122 LC Aslten, The Netherlands
(or any other location where he may be found)

Pursuant to Federal Rule of Civil Procedure 4(f), service shall be made under the **Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters**, more commonly called the **Hague Service Convention**.

4. Defendant SC SIMPATRANS, LTD ("Simpatrans Dubai") is an entity organized under the laws of Dubai, United Arab Emirates and doing business in the State of Texas Texas and may be served by serving:

Mr. Stefan–Paul Iliescu
President/Director
(or any other duly authorized Officer or Director or Agent)
SC SIMPATRANS, LTD
Emirates Tower, PO Box 213533 Dubai UAE

(or any other location where he may be found)

Pursuant to Federal Rule of Civil Procedure 4(f), service shall be made under the **Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters**, more commonly called the **Hague Service Convention**.

5.     Defendant JR TRADING is an entity registered in Dinxperlo, The Netherlands and doing business in the State of Texas and may be served by serving:

Kees Ridderhof ,CEO
(or any other duly authorized Officer or Director or Agent)
JR TRADING
Lage Heurnseweg 31, 7095 AL De Heurne, Netherlands
(or any other location where he may be found)
<u>Or</u>
Burg Haverkampstraat 27091CP Dinxperlo

Pursuant to Federal Rule of Civil Procedure 4(f), service shall be made under the **Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters**, more commonly called the **Hague Service Convention**.

## II.  JURISDICTION AND VENUE

6.     Jurisdiction for this lawsuit is fixed contractually in an agreement made the basis for the causes of action set forth herein.  Venue is proper in this Federal District Court pursuant to 28 U.S.C. Sec. 1332 (a) in that there is complete diversity of citizenship amongst and between the parties.  The contract between the parties provides for the laws of the State of Texas to govern the contract and all matters related, and further that all litigation shall be conducted in courts and venues at the election of the party commencing legal action.  Further,

delivery of the product and payments for product have origins in Houston, Texas making Houston, Texas a proper venue.

### III.  CONDITIONS PRECEDENT

7.	All conditions precedent have been performed or have occurred.

### IV. FACTS

8.	SIMPATRANS UK, SIMPATRANS NETHERLANDS, SIMPATRANS DUBAI and JR TRADING, Defendants as named herein, are companies collectively doing business under the name "The Simpatrans Group".  Stefan-Paul Iliescu, a Romanian national, organized all of these entities and utilizes the entities interchangeably in conducting business as "The Simpatrans Group".  At all times relevant to these proceedings, these entities have operated interchangeably and effectively have operated as a joint enterprise.

9.	In January of 2015, Plaintiff agreed to purchase from Simpatrans UK and Simpatrans UK agreed to supply, Ultra Low Sulphur Diesel Fuel ("Diesel Fuel") obtained for resale by Defendants by and through a contractual relationship between Defendants and Shell Motiva Enterprises LLC ("Motiva"), a leading refiner, distributor and marketer of fuels, headquartered in Houston, Texas.  Motiva owns and operates three refineries including one in Port Arthur, Texas.   Motiva is not a party to this action.  The parties entered into this agreement on January 12, 2015.

10.	Under the terms of the agreement, Defendants were to provide to Plaintiff 15,500 metric tons per week of  Diesel Fuel to be manufactured by Motiva at a price reflecting a

discount of twenty four dollars off of US Gulf Coast Platt pricing.[1] The agreement on its face was to be in effect for a 52 week period from the first date of delivery of product by Defendants. Plaintiff subsequently exercised an option to extend the contract for an additional fifty two week period following the termination of the initial 52 week period specified under the agreement made the subject of this complaint.

11.  Under the terms of the agreement and within the time frame specified in the agreement entered into between the parties, Plaintiff was to, and in fact did, make a payment to Defendant Simpatrans UK's dedicated account in the amount of $289,000.00 (TWO HUNDRED EIGHTY NINE THOUSAND DOLLARS AND NO CENTS) to facilitate the acquisition of a financial instrument to be acquired by Defendants in the name of Plaintiff to be provided to Motiva Enterprises, LLC to secure delivery of the material made the subject of the contract entered into between the parties.

12.  Defendants secured the financial instrument utilizing funds provided by Plaintiff and proceeded to purchase the diesel fuel. Defendants subsequently sold the diesel fuel in their own name and as of the date of this agreement has entirely failed to either deliver product to Plaintiff as required under the agreement or remitted payment of any kind to Plaintiff.

---

[1] Platts is the leading global provider of energy and petrochemical information and the primary source of bench mark pricing for the physical and future markets, including the diesel product in question. Platts publishes news, commentary, fundamental marketing data and analysis, and thousands of daily price assessments that are widely used as bench marks in the physical and future markets, including real-time news and price information.

## V. CAUSE OF ACTION – BREACH OF CONTRACT

13. Simpatran UK entered into an agreement with Plaintiff on or about January 12, 2015 whereby Defendant agreed to provide for purchase petroleum products upon Plaintiff making a payment of $289,000.00 (TWO HUNDRED EIGHTY NINE THOUSAND DOLLARS AND NO CENTS) to secure the acquisition of a financial instrument to be issued in Plaintiff's name to Motiva Enterprises, LLC for the benefit of Defendants.

14. Plaintiff delivered the payment noted above to Defendants on or about January 15, 2014. Defendants failed to perform its obligations under the contract following Plaintiff's performance of the condition precedent as specified in the contract which triggered Defendant's obligations to perform under the agreement in question. Defendant's acts of breach include but are not limited to:

   a. Failing to cause to be issued a financial instrument in Plaintiff's name to be issued to Motiva Enterprises, LLC accruing to the benefit of Defendants;

   b. Failing to cause to be issued by Motiva Enterprises LLC documents reflecting ownership of material in an amount conforming with the obligations assumed by Defendants under the agreement entered into between the parties; and

   c. Failing to deliver to Plaintiff the diesel fuel in a manner conforming with the terms of the agreement entered into by the parties.

15. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of Plaintiff's injuries and damages.

## VI. <u>CAUSE OF ACTION-COMMON LAW FRAUD</u>

16. Plaintiff incorporates by reference as though set forth verbatim paragraphs 1-12 as more fully set forth above.

17. At all times material to this matter Defendants, though their agents and representatives including Defendants' Texas Attorney Jason Ostrom whom Defendants authorized and directed to act, engaged in acts constituting Common Law Fraud by:

   a. making material misrepresentations;

   b. made with knowledge of the falsity of said representations as a positive assertion;

   c. intending at all times that the misrepresentations would be acted upon by Plaintiff;

   d. that Plaintiff relied upon, and acted upon, to its detriment, causing it to suffer injury.

18. Material misrepresentations made by Defendants in this action providing the basis for Plaintiff's actions in reliance there upon include but are not limited to:

   a. that Defendants would, after payment of a sum of $289,000.00 (TWO HUNDRED EIGHTY NINE THOUSAND DOLLARS AND NO CENTS) cause to be issued a financial instrument in Plaintiff's name accruing to the benefit of Defendant to be delivered to Motiva Enterprises, LLC.

   b. that Defendant would cause to be issued ownership documents for the material made the subject of the contract between the parties in Plaintiff's name;

   c. that Defendants would deliver to Plaintiff the amount of material specified in the agreement entered into between the parties at the price reflected in the agreement in a manner consistent with the terms of the agreement;

      d.      that Defendants, by and through correspondence issued by Defendants' Texas attorney Jason Ostrom vouching for and affirming their credibility and financial status, and that they could perform in the manner specified under the agreement entered into by the parties; and

      e.      that Defendant would deliver the material made the subject of the agreement between the parties for a period of one hundred and four weeks;

19. At the time Defendants made each of the misrepresentations noted above, Defendants knew the statements to be false and made each statement, individually, and in concert, solely for the purpose of giving Plaintiff the necessary confidence to enter into the transaction with Defendants.

20. The misrepresentations noted above served were intended to, and in fact, provided individual and collective bases relied upon by Plaintiff in entering into the agreement with Defendants made the basis of this complaint. Plaintiff relied upon each misrepresentation individually, and collectively as a pre-determined course of action undertaken by Defendants, in entering into the transaction set forth in the agreement between the parties providing the basis of this complaint. In particular, and among other things, Plaintiff relied up on the written and verbal communications from Defendants' Texas Attorney Jason Ostrom who attested to the credibility and legitimacy of the Defendants, their ability to perform for the duration of the contract, their ability to deliver the diesel fuel, and their corporate ethics among other things.

21. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a basis/bases for the damages suffered by Plaintiff.

### VII. <u>JOINT ENTERPRISE</u>

22. Plaintiff incorporates by reference as though set forth verbatim paragraphs 1-12 as more fully set forth above.

23. At all times material to this transaction, the Defendants were jointly operating under the name "The Simpatrans Group" and jointly operated under an implied agreement among the 4 participating companies.

24. Under the direction of Stefan-Paul Iliescu, the agents of the companies operating as "The Simpatrans Group" acted with a common purpose to market and sell petroleum products on behalf of "The Simpatrans Group" for joint financial gain.

25. At all times material to this matter "The Simpatrans Group", organized by Stefan-Paul Iliescu operated with a common pecuniary interest, namely the sale of petroleum products owned or available to "The Simpatrans Group" for significant profits.

26. At all times material to this matter, Stefan-Paul Iliescu functioned as the only decision maker for each of the entities participating as "The Simpatrans Group". As such, Plaintiff would show the Court that each member of "The Simpatrans Group" -- the 4 Defendants herein -- had equal representation and an equal right to a voice in the operations and decision making as related to the agreement entered into by Plaintiff and Defendants herein, and the

conduct of all members of "The Simpatrans Group" during all times material to this transaction.

27. For the purposes of this case, a contract entered into by Plaintiff with Defendant Simpatrans UK involved the various Simpatrans entities via acts including, but not limited to:

   a. the existence of a website at the web address simpatrans.wix.com describes the association of the Simaptrans Group operating under the "Simpatrans Umbrella".

   b. utilizing bank accounts of Simpatrans Dubai (And perhapd other Defendants) to pay Motiva Enterprises, LLC. for material that by contract Simpatrans UK was to deliver to Plaintiff;

   c. utilizing bank accounts owned and otherwise controlled by JK Trading for the purpose of demonstrating financial capability to perform under the terms of the transaction to both Plaintiff and Motiva Enterprises, LLC.;

   d. negotiating alternative forms of compensation payable to Plaintiff in associated transactions on behalf of Simpatrans Netherlands; and

   e. using contractual rights owned by one entity to purchase petroleum products from Motiva Enterprises, LLC. without requiring or providing written assignments of said rights to third parties otherwise to be identified as members of the "Simpatrans Group".

28. The acts of the members of the "Simpatrans Group" caused Plaintiff to suffer economic damages and the actions of the entities in combination provide a basis for awarding damages to Plaintiff. Plaintiff asks any judgment rendered in its favour in this matter be rendered as against all 4 Defendants, jointly and severally, as members of the "Simpatrans Group".

## VIII. ACTUAL DAMAGES

29. As a direct and result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff suffered damages including

    a. loss of the reasonably anticipated benefit from the resale of the material made the subject of the contract for purchase entered into by the parties;
    b. loss of use of funds provided to Defendants in satisfying conditions precedent for the purpose of triggering Defendants' obligations to perform under the contract in question
    c. Reasonable and Necessary Attorney's Fees; and
    d. Other Consequential damages Plaintiff can establish

## IX. EXEMPLARY DAMAGES

30. As a direct result of acts of actual fraud on the part of the Defendants, Plaintiff should be awarded exemplary damages. Texas Civil Practices & Remedies Code §41.003(a)(1) *et. seq*.

## X. JURY TRIAL

31. Plaintiff hereby demands trial by jury.

### *PRAYER*

WHEREFORE, PREMISES CONSIDERED, Plaintiff Draco Overseas Trading, LLC. respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants jointly and severally for all actual damages, pre- and post-judgment interest at the maximum legal rate, costs of court, and such other and further relief, at law or in equity, to which the Plaintiff may be entitled.

Respectfully submitted,

*/s/* *Scott Davenport*
_____
Scott J. Davenport
SBOT No. 00790563
Southern District Bar No. 18107
**DAVENPORT LAW FIRM, P.C**.
2009 Lubbock Street
Houston, Texas 77007
scottd@davenport-law.com
Telephone: (713) 963-4898
Facsimile: (713) 963-4899
**COUNSEL FOR PLAINTIFF**